IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | 8:03CV545 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| PRESIDENTS TRUST COMPANY, LLC, JON PATRICK PIERCE, AND DAVID D. KLASNA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court upon the Third Motion for Authority to Disburse Receivership Funds, Filing No. 73, filed by Thomas D. Stalnaker, Receiver. No objection or resistance to the motion has been filed. The court has considered the motion and finds it should be granted.

The Receiver has shown that there is currently on deposit at Nebraska State Bank, in account number 413992, the sum of approximately $1,260,000. On May 18, 2004, the court entered an order authorizing the Receiver to make a partial distribution to the investors in the Fixed Income Trust-Secured ("FITS") representing 40% of the amount invested. The court issued a similar order permitting distribution on October 26, 2004, after the Receiver discovered that certain investors were omitted from the records and they did not receive the distribution to which they were entitled. Thereafter, the Receiver requested permission make a second interim distribution to the FITS account holders representing 45% of the amount invested. The Receiver represented that when the initial distribution was made, some former investors in FITS wrongfully received distributions because they were included in the listing prepared by the South Dakota Department of Revenue and

Regulation, Division of Banking, but their investments were subsequently transferred out of the FITS program.  The court entered an order finding that it would be equitable to credit erroneous payments received with respect to those accounts formerly owned by investors transferred out of the FITS program, against the 45% distribution to be made to the investors who received such distributions.  Filing No. 49.  If the investors did not retain any investment in the FITS investment program, the court's order granted the Receiver authority to pursue recovery of the amounts erroneously distributed.  *Id.*  Additionally, the court found that distributions which would otherwise be payable to Presidents Trust Company LLC ("PTC") should be retained by the Receiver until issues regarding the retention of funds could be resolved.

With his current motion, the Receiver attached Exhibit A, a listing of all the investor accounts in FITS, which has been updated to correct previous errors.  Filing No. 73, Attachment 1, pp. 1-27 ("Exhibit A").  The Receiver requests permission to make a third interim distribution to the holders of these accounts, representing 10% of the amount invested, $10,666,401.86.  The Receiver states that when previous distributions were made, some FITS investors received greater investments then they should have received.  These investor accounts are listed in Exhibit B.  Filing No. 73, Attachment 1, p. 28 ("Exhibit B").  The Receiver recommends that this error would be corrected by crediting the excess amounts received against the 10% distribution to be made to these same investors.  Further, the Receiver proposes that the Receivership retain any distribution that would be less than a total of $5.00, and then distribute those funds among the other FITS investors.  The court finds that the Receiver's recommendations are equitable and in the best interests of the Receivership.

Accordingly, IT IS ORDERED that:

1. The Receiver's Third Motion for Authority to Disburse Receivership Funds, Filing No. 73, is granted;

2. The Receiver is hereby authorized and directed to make a distribution to the investors in the Fixed Income Trust-Secured, listed in Exhibit A, Filing No. 73, Attachment 1, pp. 1-27, using funds on deposit at Nebraska State Bank. The Receiver is directed to make this third interim distribution to the holders of said accounts representing 10% of the amount invested; all distributions will be made in the name of the Account Registration, as shown on Exhibit A;

3. Any distribution otherwise payable to FITS investors totaling less than $5.00 should be retained by the Receivership and then distributed among the remaining FITS investors;

4. Any payments received with respect to accounts listed on Exhibit B, Filing No. 73, Attachment 1, p. 28, should be credited against the 10% distribution to be made to the investors who received such distributions; and

5. To the extent that the investors listed on Exhibit B received previous distributions in excess of that amount which they were entitled to receive and such excess amounts cannot be offset against the 10% distribution to be made, the court grants the Receiver the authority to pursue recovery of the excess amounts erroneously distributed.

Dated this 4th day of April, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief U.S. District Court Judge