FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 SEP -9 PM 2: 24

OFFICE OF THE CLERK

Julie K. Lutz, Esq.
Elizabeth Krupa, Esq.
Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, CO 80202
(303) 844-1000
Fax (303) 844-1068

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

Securities And Exchange Commission,

            Plaintiff

            v.

Presidents Trust Company LLC,
Jon Patrick Pierce and
David D. Klasna,

            Defendants.

Civil Action No. 8:03 CV 545

## ORDER OF PERMANENT INJUNCTION
## AS TO DAVID D. KLASNA

Plaintiff Securities and Exchange Commission (the "Commission") having filed a Complaint in the above-captioned action, and defendant David D. Klasna ("Klasna") having entered into the attached Consent of David D. Klasna ("Consent"), which is hereby incorporated by reference as if fully set forth herein, and having entered a general appearance, and having waived the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, solely for the purposes of these proceedings and any other proceedings brought by or on behalf of the Securities and Exchange Commission, or to which the Securities and Exchange Commission is a party, and without admitting or

denying any of the allegations of the Complaint, except as to jurisdiction, which is admitted, and having consented to entry of this Order of Permanent Injunction And Other Relief ("Permanent Injunction Order") and the Order Appointing Receiver ("Receiver Order"), and it appearing that this Court has jurisdiction over defendant Klasna and the subject matter hereof, and the Court being fully advised in the premises:

## I.

IT IS ORDERED, ADJUDGED AND DECREED that Klasna, his agents, servants, employees, attorneys, successors, assigns, and those persons in active concert or participation with them, who receive actual notice of this Permanent Injunction Order by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, in the offer or sale of securities of any issuer, through the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

- a) employing any device, scheme or artifice to defraud; or
- b) obtaining money or property by means of any untrue statement of material fact or omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- c) engaging in transactions, practices or courses of business which operate or would operate as a fraud or deceit upon the purchaser or prospective purchaser of any such security.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Klasna, his agents, servants, employees, attorneys, successors, assigns, and those persons in active concert or participation with them, who receive actual notice of this Permanent Injunction Order by personal service or otherwise, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5] by, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange:

- a) employing any device, scheme, or artifice to defraud;
- b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## III.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for purposes of determining whether disgorgement, in an amount subsequently determined by this Court, if any, prejudgment interest thereon, and civil penalties pursuant to Section 20(d)(2)(c) of the Securities Act [15 U.S.C. § 77t(d)(2)(c)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u (d)(3)] are appropriate against

Klasna. In connection with any hearing to determine the appropriate amount of disgorgement or penalties, Klasna shall not raise as a defense that he is not liable for the payment of disgorgement or penalties because he did not violate one or more provisions of the Securities Act or the Exchange Act or the rules thereunder, as set forth in the Permanent Injunction.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __9 SEPT.__, 2008

_____
UNITED STATES DISTRICT JUDGE